**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

v.  Case No. 2:07mj5

**SARA HENRIQUEZ GALO, a/k/a**
**SARA ISABEL HENRIQUEZ RUIZ,**
    **Defendant.**

## ORDER/OPINION

On April 2, 2007, came the United States by Stephen D. Warner, its Assistant United States Attorney, and Sara Henriquez Galo, a/k/a Sara Isabel Henriquez Ruiz, in person and by her counsel, L. Richard Walker, for an initial appearance and preliminary hearing on the criminal complaint filed against her on March 19, 2007, and for a hearing regarding detention pending further proceedings. Also came Johnnie L. Benningfield II, a certified Spanish language court and conference interpreter/translator. Thereupon, the Clerk administered the interpreter/translator oath to Johnnie L. Benningfield.

The Court determined Defendant had not received her own copy of the Criminal Complaint, but had briefly reviewed it with her attorney. The Court therefore read the charges to Defendant through the interpreter. From a colloquy with Defendant through the interpreter, the Court determined Defendant understood the charge pending against her. The Court then advised Defendant of her constitutional rights.

The Court then proceeded to hear evidence presented by the United States in the form of the sworn testimony of Angela Veronda, Special Agent with the Immigration and Customs Enforcement Agency ("I.C.E.")in Charleston, West Virginia.

Upon consideration of the evidence presented and in accord with the oral findings made by the Court on the record of the hearing, the Court finds there is probable cause to believe that:

On or about January 10, 2006, the defendant, an illegal alien from Honduras, used a social security assigned to another person known to the United States, to obtain employment in Moorefield, Hardy County, West Virginia. Thereafter the defendant did receive a W-2 form as a result of her employment, which she took to a tax preparation agency and obtained the 2006 federal income tax refund for the other person's social security number, in the approximate amount of $4,600[1]; all in violation of Title 42, United States Code, Section 408(a)(7)(B).

It is therefore **ORDERED** that Sara Henriquez Galo, a/k/a Sara Isabel Henriquez Ruiz be bound over for proceedings before a Grand Jury attending the United States District Court for the Northern District of West Virginia.

With respect to the motion of the United States for detention of Defendant, the Government contends there is a serious risk Defendant will flee, and therefore asserts there are no conditions of release which will reasonably assure Defendant's appearance as required. Defendant contends she is not a flight risk and, alternatively, there are conditions of release, including home detention with electronic monitoring, that could reasonably assure her appearance as required.

Title 18 § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and consequences of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court cannot determine whether Defendant received notice of

---

[1] The hearing testimony was that the refund was $5,100. 00.

the immigration hearing that she missed, leading to her status as a fugitive; and cannot determine whether Defendant knew she was determined to be a fugitive. The Court does, however, find clear and convincing evidence that:

1) After leaving Texas, Defendant went to Harrisonburg, VA.

2) Defendant procured false identification.

3) Defendant used the false identification to obtain employment.

4) Defendant is 27 years old.

5) Defendant used the false identification to file a tax return to obtain a tax refund.

6) There has been no loss shown regarding the tax refund because the evidence at this time shows the refund was based on Defendant's earnings at Pilgrim's Pride.

7) Defendant lived in Moorefield, West Virginia with her infant child from the child's birth to the date of Defendant's arrest.

8) The residential and immigration status of the child's father, Defendant's boyfriend, who is caring for the child, is unknown.

9) The trailer in which Defendant lives has a telephone.

Based on the clear and convincing evidence, the Court concludes that Defendant poses a significant risk of flight if released. She is charged with being an illegal alien who used another person's name and social security number to obtain employment, to file an income tax return and obtain a refund. She is a 27-year-old woman who apparently has the means and ability to obtain false identification and papers and the ability to move about the country. Given her history and those abilities, the Court finds it cannot fashion a condition or set of conditions, including electronic monitoring, that would assure the appearance of Defendant as required.

It is therefore **ORDERED** that the United States' Motion to Detain Defendant pending further proceedings in this case is **GRANTED.**

It is further **ORDERED**:

1. The defendant be, and she is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 2nd day of April, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE